**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Frank N. Sgrizzi, Allison L. Sgrizzi,<br><br>Plaintiffs<br><br>-v-<br><br>Moximed, Inc., Revzero Inc., Hospital for Special Surgery,<br><br>Defendants. | 2:26-cv-02613<br>(NJC) (AYS) |

**ORDER OF REMAND**

NUSRAT J. CHOUDHURY, United States District Judge:

Defendants removed this action from the Supreme Court of the State of New York, County of Suffolk on May 1, 2026, invoking this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a). (Not. Removal, ECF No. 1.) On July 11, 2026, the undersigned was assigned to this action. (Elec. Order, July 11, 2026.)

This action is remanded to the Supreme Court of the State of New York, County of Suffolk pursuant to 28 U.S.C. § 1447(c). The Notice of Removal and subsequent filings make clear that there is no diversity of citizenship between the parties as required for jurisdiction under 28 U.S.C. § 1332(a).

**LEGAL STANDARDS**

**I.       Subject Matter Jurisdiction**

This Court has an independent obligation to determine whether subject matter jurisdiction exists over this case. *See Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir. 2006). "[F]ailure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court sua sponte." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). If a

district court lacks subject matter jurisdiction, it must dismiss the action. *See Doe v. McDonald*, 128 F.4th 379, 384 (2d Cir. 2025); Fed. R. Civ. P. 12(h)(3). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction," and district courts "may not assume subject-matter jurisdiction when the record does not contain the necessary prerequisites for its existence." *Platinum-Montaur Life Scis., LLC v. Navidea Biopharms., Inc.*, 943 F.3d 613, 617–18 (2d Cir. 2019) (quotation marks omitted).

Diversity jurisdiction under 28 U.S.C. § 1332(a) requires complete diversity among the plaintiffs and defendants and that the amount in controversy exceeds $75,000. *See Tagger v. Strauss Grp. Ltd.*, 951 F.3d 124, 126 (2d Cir. 2020). In determining the citizenship of a party, the following standards apply.

"[F]or diversity purposes, a corporation is considered a citizen of the state in which it is incorporated and the state of its principal place of business." *Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC*, 692 F.3d 42, 48 (2d Cir. 2012). By contrast, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile," or in other words, "the place where a person has his true fixed home and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019).

With respect to an individual's citizenship, allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes." *Id.* at 54; *accord RainMakers Partners LLC v. NewSpring Cap., LLC*, No. 23-cv-899, 2024 WL 1846321, at *2 n.1 (2d Cir. Apr. 29, 2024) (summary order) ("[A] complaint that alleges that the plaintiff and defendant are merely residents of different states has failed adequately to allege the existence of diversity

2

jurisdiction."). In order to determine an individual's domicile, courts consider numerous factors, which include:

> current residence; voting registration; driver's license and automobile registration; location of brokerage and bank accounts; membership in fraternal organizations, churches, and other associations; places of employment or business; . . . payment of taxes; . . . whether a person owns or rents his place of residence; the nature of the residence (i.e., how permanent the living arrangement appears); . . . and the location of a person's physician, lawyer, accountant, dentist, stockbroker, etc.

*Lever v. Lyons*, No. 16-cv-5130, 2021 WL 302648, at *7 (E.D.N.Y. Jan. 28, 2021) (citations omitted); *see also Lawrence Moskowitz CLU Ltd. v. ALP, Inc.*, 830 F. App'x 50, 51 (2d Cir. 2020) ("[T]he determination of domicile considers factors such as voting, taxes, property, bank accounts, places of business or employment.") (citation omitted).

Allegations made "upon information and belief" are insufficient to establish a party's citizenship for purposes of establishing diversity. *See Snyder Corp. v. Fitness Ridge Worldwide, LLC*, No. 18-cv-351, 2018 WL 1428254, at *2 (W.D.N.Y. Mar. 22, 2018) (establishment of diversity requires affirmative statements of the identity and citizenship of all parties, and conclusory statements upon information and belief are insufficient); *see also Enteado v. HiPower Cycles, LLC*, No. 16-cv-996, 2016 U.S. Dist. LEXIS 28880, at *2 (D.N.J. Mar. 7, 2016) (holding that "allegations made 'upon information and belief,' are insufficient to convince the Court that diversity exists between the parties") (citation omitted).

The second requirement of diversity jurisdiction—an amount in controversy of at least $75,000—is equally important. "[A] plaintiff invoking federal [diversity] jurisdiction must demonstrate a 'reasonable probability' that the amount-in-controversy requirement is satisfied." *Pyskaty v. Wide World of Cars, LLC*, 856 F.3d 216, 223 (2d Cir. 2017) (citation omitted). The Second Circuit "recognize[s] a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Id.* The amount in controversy alleged

must be plausible, *i.e.*, supported by factual allegations in the complaint. *Wood v. Maguire Auto., LLC*, 508 F. App'x 65, 65 (2d Cir. 2013) (affirming dismissal of complaint for lack of subject matter jurisdiction where the complaint's allegation "of $75,000 in controversy is conclusory and not entitled to a presumption of truth"). "[I]f the jurisdictional amount is not clearly alleged in the . . . complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court." *Lupo v. Hum. Aff. Int'l Inc.*, 28 F.3d 269, 273–74 (2d Cir. 1994).

## II.    Fraudulent Joinder

"A plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 460–61 (2d Cir. 1998); *see also Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.*, 712 F. App'x 85, 86 (2d Cir. 2018) (summary order) (citing *Pampillonia*). "In order to show that naming a non-diverse defendant is a 'fraudulent joinder' effected to defeat diversity, the defendant must demonstrate, **by clear and convincing evidence**, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court." *Pampillonia*, 138 F.3d at 461 (emphasis added). "The defendant seeking removal bears a **heavy burden** of proving fraudulent joiner, and all factual and legal issues must be resolved in favor of the plaintiff." *Id*. (emphasis added).

4

**DISCUSSION**

The Notice of Removal invokes this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a). (Not. Removal ¶ 15.) Defendants establish that the amount-in-controversy requirement is satisfied because the underlying Complaint alleges that Plaintiff Frank Sgrizzi "sustained economic damages from lost income and fringe benefits totaling $21,372,632.00." (*Id*. ¶ 16 (citing Compl., ECF No. 1-1 ¶ 71).) However, Defendants have failed to show that there is complete diversity between the parties as required for jurisdiction under 28 U.S.C. § 1332(a).

Defendants assert that Plaintiffs are domiciled in, and are citizens of, New York based on their New York residence. (*Id*. ¶ 8.) These allegations are insufficient to establish Plaintiffs' citizenship for the purposes of diversity jurisdiction. *Van Buskirk*, 935 F.3d at 54 (establishing that allegations of "residence alone [are] insufficient to establish domicile for jurisdictional purposes"). Defendant Hospital for Special Surgery ("HSS") is a New York citizen because, as set forth in a pre-motion conference request, HSS is a "New York not-for-profit corporation whose principal place of business is in New York." (ECF No. 15.) Thus, if Plaintiffs are citizens of New York as Defendants allege, complete diversity between the parties is lacking, notwithstanding the citizenship of the remaining Defendants.

Defendants assert that HSS "has been fraudulently joined as a defendant for the purpose of defeating diversity jurisdiction." (Not. Removal ¶ 12.) Defendants maintain that because "[t]here is no medical malpractice claim alleged against" HSS and that "Plaintiffs' causes of action are all product liability," "there is no possibility that plaintiffs can state a cause of action against" HSS. (*Id*. ¶ 14.) The Court disagrees.

Defendants have not shown "clear and convincing evidence" that "there is no possibility" that Plaintiffs could assert a claim against HSS. Defendants assert that the Complaint alleges

5

"that plaintiff Frank Sgrizzi underwent surgical implantation of the MISHA Knee System at HOSPITAL FOR SPECIAL SURGERY on or about June 24, 2024 and thereafter underwent post-operative care at HOSPITAL FOR SPECIAL SURGERY." *Pampillonia*, 138 F.3d at 460–61 (emphasis added); Not. Removal ¶ 13. Plaintiffs' claims arise from those surgical procedures and post-operative care. (*See generally* Compl.) Additionally, the Complaint brings a number of allegations against HSS specifically. (*See, e.g., id.* ¶¶ 13 ("Upon information and belief, at all times herein, Defendant HSS played a significant role in the design, development, and/or clinical evaluation of the MISHA Knee System manufactured and distributed by Defendant MOXIMED."), 14 ("Upon information and belief, at all times herein, Defendant HSS maintained financial and business relationships with Defendant MOXIMED in connection with the MISHA Knee System, including participating in clinical trials and studies."), 58 ("Upon information and belief, Defendant HSS was aware, or should have been aware, of the defective nature of the MISHA Knee System and the risk of fracture at the distal end of the absorber component prior to the implantation of said device into Plaintiff FRANK N. SGRIZZI on June 24, 2024.").)

Therefore, Defendants have failed to meet the high burden of showing that there is no possibility that Plaintiffs can state a claim against HSS in the state court Complaint. *Pampillonia*, 138 F.3d at 461. Because the Notice of Removal and supporting attachments show that complete diversity of the parties is lacking, this Court does not have subject matter jurisdiction over this action under 28 U.S.C. § 1332(a).

## CONCLUSION

Accordingly, this action is remanded to the Supreme Court of the State of New York, County of Suffolk pursuant to 28 U.S.C. § 1447(c). The Clerk of Court is respectfully directed to

close the case and to mail a certified copy of this Order to the clerk of the Suffolk County

Supreme Court.


Dated:  Central Islip, New York
        July 29, 2026


                                   /s/ Nusrat J. Choudhury
                                  NUSRAT J. CHOUDHURY
                                  United States District Judge